UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LEWISTON PUBLIC SCHOOLS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:26-cv-00019-JAW |
| | ) | |
| SPURWINK SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION
TO PROCEED UNDER PSEUDONYMS**

In this action, Plaintiff asks the Court to determine that Defendant Spurwink Services, Inc., must readmit a student who is eligible to receive special education and related services under the Individuals with Disabilities Education Act (IDEA). Plaintiff has joined as defendants the student and the student's parents. Plaintiff asks the Court to permit the student and the student's parents to proceed under pseudonyms and to seal certain documents. (Motion to Proceed Under Pseudonyms, ECF No. 3.) None of the defendants has filed an opposition to the motion.

Following a review of the record and after consideration of the issues generated by Plaintiff's motion, the Court grants the motions.

**DISCUSSION**

Generally, the "title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest.") Courts, however, have recognized exceptions to this rule, and under certain circumstances have permitted a party to proceed under a pseudonym. The

First Circuit described the analysis that should govern a trial court's assessment of a request to proceed under a pseudonym:

> A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account. In most cases, the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential. Because these paradigms are framed in generalities, a court enjoys broad discretion to quantify the need for anonymity in the case before it. This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest.

*Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022).

While the procedural rules require that Plaintiff use a pseudonym for the student's name, *see* District of Maine Local Rule 16.3(e)(3), the rules do not include a similar requirement for the names of a student's parents or guardians. The Court, however, may permit a parent or guardian to proceed under a pseudonym if warranted after an assessment in accordance with the First Circuit's guidance in *Doe v. Mass. Inst. of Tech*. Because disclosure of the names of the students' parents will undoubtedly increase the likelihood that the student's name would become known thereby frustrating the purpose of Local Rule

16.3(e)(3), the Court grants the motion and permits Plaintiff to proceed through use of pseudonyms for the student's parents.

As to Plaintiff's request to seal documents that include the actual names of the student and the student's parents, the Court is not aware of any filed documents that include the actual names. The Court construes the motion as a request to require a party to file under seal any document that includes the actual names of the student and/or the students' parents. For the same reasons the Court permits the use of pseudonyms, the Court grants the motion.

## CONCLUSION

After a review of the record, for the reasons set forth herein, the Court grants Plaintiff's motion to proceed under pseudonyms and to seal certain documents. The Court orders:

1. Plaintiff may use pseudonyms for the student's parents.
2. In accordance with Local Rule 10(d), Plaintiff shall file under seal an affidavit disclosing the actual names of the parents.
3. If a party files a document that includes the actual names of the student and/or the student's parents, the party shall file the document under seal and file a redacted version for the public docket.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

>/s/ John C. Nivison
>U.S. Magistrate Judge

Dated this 12th day of February, 2026.